# Ridgway, Appellant, *v.* Philadelphia & Reading Railway Company.

*Railroads—Right of way—Elevation of tracks—Destruction of siding—Damages.*

1. An owner of property abutting the right of way of a railroad company cannot recover damages for consequential injuries to his property resulting from elevating the tracks of the defendant, although such elevation deprived the plaintiff of the use of a siding constructed on his own land and which connected with defendant's tracks at the old grade before their elevation, especially where the railroad company indicates an intention to allow the property owner to elevate his siding to make connection with the elevated tracks.

*Practice, Supreme Court—Appeals—Assignments of error.*

2. Assignments of error which do not set out in the words of the court the order sustaining the demurrer or the judgment from which the appeal was taken are not in proper form. An assignment is not sufficient which simply avers in the language of counsel that the trial court erred in respect to the matter about which complaint is made. The assignment must set out in the exact

language of the court, the judgment, decree, order, instruction, or other matters alleged to be erroneous in the trial of the case, or the disposition made of it.

Argued Jan. 21, 1914.  Appeal, No. 338, Jan. T., 1913, by plaintiff, from judgment of C. P. No. 5, Philadelphia Co., Sept. T., 1910, No. 3066, sustaining demurrer to plaintiff's statement of claim in case of Barzillai Ridgway v. Philadelphia and Reading Railway Company. Before FELL, C. J., BROWN, MESTREZAT, POTTER and ELKIN, JJ.  Affirmed.

Trespass to recover damages suffered by plaintiff for depreciation in value of his property caused by the elevation of tracks of defendant company.  Before STAAKE, J.

The opinion of the Supreme Court states the case.

Defendant demurred to the statement of claim.  The court sustained the demurrer.  Plaintiff appealed.

*Error assigned* was in sustaining the demurrer.

*Wm. J. Conlen,* of *Conlen, Brinton & Acker,* with him *Everett H. Brown, Jr.,* for appellant.

*Abraham M. Beitler,* with him *Edward Hopkinson, Jr.,* and *Charles Heebner,* and *Samuel Dickson,* for appellee.

OPINION BY MR. JUSTICE ELKIN, February 23, 1914:

This appeal might very well be dismissed on the ground that the assignments of error are not in proper form under our rules.  They do not set out in the words of the court the order sustaining the demurrer or the judgment from which the appeal was taken.  We have had occasion to say in several recent cases that an assignment is not sufficient which simply avers in the language of counsel that the trial court erred in respect

to the matter about which complaint is made. The assignments must set out in the exact language of the court, the judgment, decree, order, instruction, or other matters alleged to be erroneous in the trial of the case, or the disposition made of it: Witmer v. R. R. Co., 241 Pa. 112; Prenatt v. Messenger Printing Co., 241 Pa. 267; Streng v. Buck Run Coal Co., 241 Pa. 560. The assignments in the present case do not meet these requirements.

But upon the merits the case is against appellant and the appeal cannot be sustained. The action is in trespass and the attempt is made to recover damages for consequential injuries to plaintiff's property resulting from elevating the tracks of the railroad company about twenty feet for the purpose of eliminating dangerous grade crossings. In doing what it did with the consent and cooperation of the city, the railroad company was clearly acting within its legal rights and charter powers. Grade crossings are a menace to the public and it is the policy of the law, as frequently declared by the courts, to encourage their elimination. Minor incidental rights and conveniences of the individual must give way to this wise and wholesome policy of the law.

This action is in effect a second claim for damages to the property of an abutting land owner. The railroad company has not undertaken to appropriate any additional land belonging to appellant, nor to do anything outside of the lines of its right of way originally acquired under the power of eminent domain. There is no direct claim for damages to land now owned by plaintiff, but the attempt is made to recover damages for depriving appellant of the use of a siding constructed on his own land and which connected with defendant's railroad tracks at the old grade before their elevation. The elevation of the tracks twenty feet makes a connection with the old siding impracticable, and the contention of appellant is that this is such an injury to his property as entitles him to compensation within the meaning of

the Constitution. Whatever doubt there may have been upon this question was settled adversely to the contention of appellant in the recent case of Gillespie v. Railway Co., 226 Pa. 31. In that case it was held that a railroad company cannot be compelled to make a second payment of damages for elevating its tracks within its own right of way lawfully acquired. The question was broadly considered and fully discussed by the learned court below in an opinion which demonstrated the correctness of the conclusion reached in that case. The judgment was affirmed here on that opinion, and we see no reason to change or modify the rule there stated for the purpose of meeting the exigencies of the present case.

We all agree with learned counsel for appellee that the main contentions of appellant relied on to sustain a recovery of damages in this case are ruled against him by recent decisions of this court. An examination of the following cases will demonstrate that the case at bar cannot be reversed without in effect overruling what was there decided: Gillespie v. Railway Co., 226 Pa. 31; Lehigh & New England R. R. Co. v. D., L. & W. R. R. Co., 240 Pa. 401; Conwell v. Railway Co., 241 Pa. 172.

It was suggested in the court below that the defendant railroad company would recognize the right of appellant to elevate his siding and connect with the elevated tracks at the present grade, and this as we view the situation is the most that can be demanded under the circumstances.

The learned court below gave the case exhaustive consideration and the conclusions reached are fully warranted both by reason and precedent.

Judgment affirmed.