# Pfeifer, Appellant, *v.* Reading Iron Company.

*Practice, Supreme Court—Appeals—Assignments of error—Defective assignments.*

1. An assignment of error complaining of the entry of judgment for defendant n. o. v. is defective where it fails to quote the motion for the rule, or the request for binding instructions for defendant.

2. As the opinion of the court below on motion for judgment n. o. v. is not assignable for error, an assignment is defective which embraces nothing but a few sentences from such opinion.

*Negligence—Master and servant—Moving machinery, contributory negligence—Judgment for defendant, n. o. v.*

3. Where in an action against an employer to recover damages for personal injuries sustained by an employee in consequence of being caught in a moving sprocket of a machine which he was adjusting, it appeared that the guard had been removed from the sprocket for the purpose of changing the machinery and that before making the adjustment plaintiff had been ordered by the foreman to replace the guard but had failed to do so, plaintiff was guilty of contributory negligence and judgment n. o. v. was properly entered for the defendant.

Argued March 1, 1915. Appeal, No. 256, March T., 1915, by plaintiff, from judgment of C. P. Montour Co., Oct. T., 1912, No. 25, for defendant n. o. v., in case of George C. Peifer *v.* The Reading Iron Company. Before MESTREZAT, POTTER, ELKIN, MOSCHZISKER and FRAZER, JJ. Affirmed.

Trepass to recover damages for personal injuries. Before EVANS, P. J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $8,000. The court subsequently entered judgment for defendant n. o. v.

*Errors assigned* were as follows:

First: The court erred in entering the following judgment:

"And now, January 17, 1914, the rule of judgment for the defendant non obstante veredicto is made absolute and the rule for a new trial is discharged.

By the Court,

CHAS. C. EVANS, P. J."

"And now, June 12, 1914, jury fee paid and judgment is entered for defendant non obstante veredicto.

THOMAS G. VINCENT,

Prothonotary."

Second: The court erred in holding as follows:

"In the opinion of the court the evidence clearly discloses that the defendant, under the admitted and un-

disputed facts, was guilty of no negligence which proximately caused the accident, and that the accident was caused by the plaintiff's own negligence. It therefore follows that judgment should be entered for the defendant non obstante veredicto."

Third: The court erred in entering judgment for the defendant non obstante veredicto.

*H. M. Hinckley,* with him *Fred Ikeler,* for appellant.

*James Scarlet,* with him *Ralph Kisner* and *Jefferson Snyder,* for appellee.

OPINION BY MR. JUSTICE FRAZER, April 19, 1915:

All assignments of error are fatally defective. The first, which is to the entry of judgment for defendant non obstante veredicto, fails to quote the motion for the rule, or the request for binding instructions for defendant. "The assignment of error is therefore not complete or self-sustaining. To make it so it should set out the point refused, the motion or rule for judgment and the order of the court below overruling the motion." Merritt v. Poli, 236 Pa. 170.

The second assignment embraces two sentences from the opinion of the court directing judgment for defendant non obstante veredicto. The opinion of the court is not assignable for error: Condron v. Penna. R. R. Co., 233 Pa. 197.

The third assignment states: "The court erred in entering judgment for the defendant non obstante veredicto." As this assignment fails to quote the record it is not self-sustaining: Ridgway v. Philadelphia & Reading Ry. Co., 244 Pa. 282.

The case might very well be disposed of on the ground that no alleged error is properly assigned and that the record is therefore not before the court on appeal. We however waive these errors.

Plaintiff was a "rougher" in defendant's rolling mill,

his duty being to assist in feeding a set of rolls through which iron bars were run in the process of manufacture. In front of the machine was a feed-roll driven by a chain which passed over a sprocket wheel attached to one end. This feed-roll was almost level with the floor, and the sprocket wheel was provided with, and ordinarily guarded by, a sheet-iron box or shield, about eighteen inches high, eighteen inches wide and three and a half feet long, placed over it. On the day of the accident, a break in the rolls necessitated a change in their arrangement so that a different kind of iron could be manufactured. When this work was completed, defendant's superintendent gave orders to the engineer to start the machinery. The sprocket wheel guard was not then in place. The work of changing the machinery was done by a millwright under the direction of the superintendent and a roller boss. The superintendent called to plaintiff to put on the "riggings" and the guard for the sprocket wheel. The "rigging" referred to consisted of a rod or hanger above the rolls from which a sheet-iron apron was hung by hooks to protect workmen from having water thrown upon them, and also from being hit by pieces of iron. Plaintiff started to adjust the hanger, when his foot slipped and his clothing caught in the sprocket wheel which drew his foot around the wheel causing injuries which necessitated amputation. The trial judge submitted the case to the jury, but subsequently entered judgment for defendant non obstante veredicto on the ground that there was no evidence of negligence on part of defendant and that plaintiff was guilty of contributory negligence.

The assignments of error attempt to raise two questions, first, whether or not there was sufficient evidence of negligence on part of defendant to require a submission of the case to the jury; and, second, whether the court was justified in saying as matter of law that plaintiff was negligent. In determining these questions, it is necessary to view the evidence in the most favorable

light for plaintiff, and give him the benefit of every reasonable inference which may be drawn from the testimony.

Plaintiff testified that he had finished his day's work just prior to the accident and started or was about to start towards the wash-room, when the superintendent called to him: "Hurry up, George, I want to get this mill started; get them riggings on and throw the feed roller shield on." He told the foreman he could not put on the guard because the rollers were not tightened up and on the witness stand said the man who was then engaged in adjusting the machine would have to take it off again in order to complete the work. As a further reason for not putting on the shield he testified at some length, that it was dangerous to do it while the machinery was in motion, as the guard might catch a coupling or the sprocket and chain, and result in the witness being injured; that it was not so dangerous to hang up the rigging; but these reasons were not given at the time. He also testified it was usual to put the guard on before the machinery started up, but they often had to put it on when the machinery was in motion. The superintendent and other witnesses for defendant contradicted plaintiff's testimony—the former, however, admitted that the chain which ran around the sprocket under the guard would break as often as two or three times a week. After the evidence was all in the jury were permitted to visit the place of the accident to inspect the mill with the machinery both motionless and in operation.

It is apparent from the evidence quoted that the operation of this mill was accompanied with more or less danger. Defendant performed its duty by providing a guard for a dangerous exposed part of the mill. Nor was defendant negligent in removing the guard while changing the machinery. The change could not have been made without its removal. The Act of May 2, 1905, P. L 352, by Sec. 11, requiring guards to be provided,

permits them to be removed "for the purpose of immediately making repairs" with the requirement that "all such safeguards so removed shall be properly replaced."

The first question raised by this record is whether defendant was negligent in not properly replacing the guard. It is contended by plaintiff that it was the duty of the superintendent, who was directly in charge of the work, to see that this guard was put in place before the machinery was started and failure to do so was negligence, especially as plaintiff had called his attention to it. It is further contended that the order of the superintendent to hurry, and his failure to countermand the order after the absence of the guard was brought to his attention, was sufficient to relieve plaintiff from the exercise of the same judgment and caution which he would have been obliged to use under ordinary conditions (Lee v. Woolsey, 109 Pa. 124), and that plaintiff was within the rule that where a servant, in obedience to the requirements of the master, incurs the risk of dangers which are not such as to threaten immediate injury, he is permitted to rely on the judgment of his superior and is not to be held liable for contributory negligence if an injury results: Kehler v. Schwenk, 151 Pa. 505; Reese v. Clark, 198 Pa. 312.

The difficulty with this contention is that plaintiff has not brought himself within the application of the rule stated. He was told to do two things; he called the superintendent's attention to the fact that one of the things specified was not ready to be done; he did not give as an excuse for not performing it that it was dangerous. Had he put the shield on before attempting to hang the riggings the accident could not have happened. The excuse given for not putting on the shield was that certain other work needed to be done and if the shield were put on it would have to be taken off again. This was not a sufficient reason to justify plaintiff in ignoring the instructions given him by the superintendent. The accident was therefore the result of his dis-

obedience of an order, rather than obedience to an order to do a dangerous thing. And as plaintiff was familiar with the machine and its dangers, his own negligence must be held to have contributed to the accident, and he cannot recover.

The assignments of error are overruled and judgment affirmed.