## In re Oxford Street, Hanover Township.

*Townships—Roads and streets—Grading—Viewers—Ascertainment of damages—Acts of July 14, 1917, P. L. 840, and June 23, 1911, P. L. 1123.*

Upon the petition of a property owner for appointment of viewers to assess the damages done to her property by the grading of a township road, viewers should be appointed, and should proceed in accordance with the provisions of Acts of June 23, 1911, P. L. 1123, and July 14, 1917, P. L. 840. It was error for the court below to sustain exceptions to the report of viewers on the ground that the Act of 1917 did not provide a remedy which is available to an individual property owner.

The Act of July 14, 1917, P. L. 840, is a revision, amendment and consolidation of the statutes relating to townships, and was intended, among other things, to supply the provisions of the Act of May 28, 1913, P. L. 368. The purpose was to combine and codify as much of the legislation as was deemed appropriate and necessary. The jury of view, contemplated by section 486 of the Act of 1917, P. L. 840, is that provided for by the Act of June 23, 1911, P. L. 1123.

The Act of 1917, whether taken by itself, or together with the Act of 1911, provides a sufficiently specific method of ascertaining the damages in cases of injury to property; and one which may be effectively applied by the court upon the application of an individual property owner, as well as upon the application of a majority of those whose property abuts on the line of improvement.

Argued March 6, 1922.   Appeal, No. 15, March T., 1922, by Maggie B. Welza, from the order of C. P. Luzerne County, July T., 1920, No. 73, sustaining exceptions to report of board of viewers, in the matter of change of grade on Oxford Street and Lee Park Avenue, in Hanover Township.   Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER and LINN, JJ.   Reversed.

Exceptions to report of board of viewers.   Before WOODWARD, J.

The facts are stated in the opinion of the Superior Court.

The court sustained exceptions to the report of viewers.   Maggie B. Welza appealed.

*Error assigned* was the order of the court sustaining the exceptions.

*Edwin Shortz, Jr.,* for appellant.—The Act of July 14, 1917, P. L. 840, gives property owners the right to damages, and section 486 directs that such damages shall be assessed by viewers.

The Act of 1917 is a general code, and must be so read as to give effect to the whole intent: Sumption v. Rogers, 242 Pa. 348; 36 Cyc. 1167.

The Act of 1917 must be interpreted with the applicable parts of prior statutes, as the Act of 1911, and that of 1913, so as to render all its parts effective: Miller v. Belmont P. & Rubber Co., 268 Pa. 51; Com. v. Aiken, 64 Pa. Superior Ct. 96.

*John D. Farnham,* and with him *Charles Kuschke,* for appellee.—The act contains no express provision author-

izing the appointment of viewers in such case as this, and the appellant is without statutory remedy.

OPINION BY HENDERSON, J., May 3, 1922:

This case arose on the petition of the appellant for the appointment of viewers to appraise the damage to her property in the Township of Hanover in Luzerne County, arising from a change in the grade of a public road which injuriously affected a lot and building fronting thereon owned by her. The township is of the first class and the work was done by the township commissioners as is set forth in the petition. The viewers were appointed, and the report filed by them was subsequently set aside on exceptions on the ground that no provision was made for the appointment of viewers and the ascertainment of damages for injury done in the grading or changing of grade of a road in a township. Authority for establishing and reëstablishing grades and for grading and paving roads, streets, lanes and alleys, and the keeping of the same in good order and repair in townships of the first class by the township commissioners is found in section 525 of the Act of July 14, 1917, P. L. 840. Section 485 of the same act gives a right to damages against a township of the first class for injury to owners or tenants of land, arising from the grading or changing of the grade or lines of roads, streets, lanes or alleys in such township; and section 486 requires that "all juries of view appointed for assessing damages or benefits for taking, using, occupying or injurying land, property or material, are directed to assess such damages against townships, and the benefits in connection therewith, and make a report thereof to the court as under existing laws." The 487th section gives the right of appeal to the court of common pleas to any party not satisfied with the report of the viewers whose property has been taken, injured or destroyed, the right to file exceptions is given any interested party. We find then a right created for damages for injury resulting from grading or a change of grade, and a direc-

tion that the jury of view appointed for assessing damages for injury to land shall assess such damages against the township, and shall "make a report thereof to the court as under existing laws." The difficulty which the court below found to be in the appellant's way was the lack of legislation providing a procedure by which the damages alleged could be lawfully ascertained. The expression in section 486 "under existing laws" was held to be so indefinite as to leave an injured party without remedy. The Act of July 14, 1917, is a revision, amendment and consolidation of the statutes relating to townships, and was intended among other things to supply the provisions of the Act of May 28, 1913, P. L. 368. In construing it, reference must be had to preceding statutes on the same subject. There have been numerous enactments with reference to townships and to the assessment damages for injury to property in municipal districts, and as the purpose was, in the Act of 1917, to combine and codify as much of the legislation on the subject as was deemed appropriate and necessary, we are aided in ascertaining the legislative intent by referring to those statutes. The purpose should not be attributed to the legislature of granting a right without providing a remedy. The defect in a statute will not render it void unless it is so imperfect as to make it impossible of operation. It is only when it is so vague, indefinite and uncertain that the courts are unable to determine with any reasonable degree of certainty what the legislature intended, or is so incomplete or conflicting, or inconsistent in its provisions that it cannot be executed, that it will be declared inoperative: Commonwealth v. Moir, 199 Pa. 534. It was said in Miller v. Belmont P. and Rubber Co., 268 Pa. 51, that an act will not be declared inoperative and ineffectual on the ground that it furnishes no adequate means to secure the purpose for which it is passed, if common sense and reason can devise and provide the means, and all the instrumentalities necessary for its execution are within the reach of those intrusted

therewith. We held in Commonwealth v. Aiken, 64 Pa. Superior Ct. 96, that the interpretation of a statute should be determined by the paramount purpose, rather than by the details through which that purpose is to be accomplished. Even therefore if the legislation on the subject appear to be somewhat confused, it is the duty of the court to give efficiency to it if that be possible. The Act of 1917 clearly contemplates the appointment of a jury of view and directs that it shall make a report to the court. This board of view is that provided for by the Act of June 23, A. D. 1911, P. L. 1123. Section 9 of that act provides that it shall.be the duty of the board of view appointed in each case to prepare and file in the proper court a report which shall set forth......a statement of the amount of the damages assessed, which report when filed shall have the same force and effect as would result from the filing under existing law, of the reports of viewers, reviewers, or rereviewers, jury of view, road jury, etc.; and in section 10 it is provided that the proceedings by way of exception, appeal and otherwise after filing of such reports, shall be in all respects the same as those provided under existing laws in the case of appeals from viewers, reviewers, rereviewers, juries of view, road juries or commissioners of view. Section 2 of the act provides that the courts of common pleas of the respective counties shall make such rules and regulations for the government of said boards and the proceedings thereof, not inconsistent with the provisions of the statute, as they respectively shall deem proper, which rules and regulations the said courts, from time to time, may alter, amend, modify and rescind. The Act of 1917 having authorized the appointment of viewers, the Act of 1911 would supply a mode of procedure not definitely prescribed, but authorized in a form which the court could apply.

Upon a petition for the assessment of damages for the grading or altering of a street or a road the viewers are to proceed as provided in the latter act and shall make a

report which shall have the same force and effect as records filed under existing laws by road viewers and the proceedings by way of exception, appeal and otherwise after the filing of such report, are to be conducted as is provided under existing law in the case of appeals from road viewers. This we think provides a sufficiently specific method of ascertaining the damages in cases of injury to property and one which may be effectively applied by the court. But if the Act of 1911 be not adequate in connection with the legislation relating to road viewers we think the Act of July 14, 1917, affords a remedy. This act as has been noticed was intended to constitute a code regulating the government of townships and it is not a stretch of construction to hold that sections 525 and those following relating to the assessment of costs, damages, etc., apply as well to a proceeding instituted under the authority granted in section 525 as to one arising under section 535 or 550. The legislation to a considerable degree is an accumulation of parts of former statutes and in some respects it seems fragmentary but inasmuch as sections 525, 535 and 550 all relate to street improvements the provision with reference to the assessment of damages may not inappropriately be applied to cases arising under the street improvements to which the several sections apply. We conclude, therefore, that the petitioner in this case is not without remedy and that she is entitled to the assertion of such a right as the facts pleaded and established by the evidence may entitle her to.

The order is reversed and the record remitted with a procedendo.