Pennsylvania Company for Insurances on Lives and Granting Annuities, Trustee, Appellant, *v.* Philadelphia.

Argued Nov. 30, 1944. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and HUGHES, JJ.

reargument refused January 18, 1945.

*Joseph Neff Ewing,* with him *Murray Forst Thompson* and *Saul, Ewing, Remick & Harrison,* for appellant.

*Edwin S. Ward,* with him *O. Charles Brodersen,* Assistant City Solicitors, and *Frank F. Truscott,* City Solicitor, for appellee.

*Glenn C. Mead* and *William J. Graham,* for Reading Co., intervenor.

OPINION BY MR. JUSTICE LINN, January 2, 1945:

The Public Service Commission, in a proceeding begun in 1935 on the abolition of certain grade crossings in Philadelphia, among them, the crossing at Allegheny Avenue near 21st Street, ordered the separation of the grades. An appropriate agreement, based on the order of the Commission, was executed February 18, 1938, by the Commonwealth, the City of Philadelphia, and the Reading Company. The separation at the point involved in this suit was accomplished by bridging the railroad over Allegheny Avenue. The land occupied by the railroad was owned in fee by the company.

Appellant's property, which had a side track connection with the railroad, is located at the northeast corner of 23rd Street and Allegheny Avenue, where, so

far as appears, no change in the grade of Allegheny Avenue was made. The elevation of the railway tracks, within the property lines of the railroad company, severed the siding connection. A new connection at the new level of the railway was made by raising appellant's land for the purpose. Appellant filed a claim for damages with the Commission which, on September 26, 1939, pursuant to section 411 of the Public Utility Law of 1937, P. L. 1053, 1057, Art. IV, 66 PS section 1181, remitted the claim to the common pleas of Philadelphia "for the determination of the amount of damages due by reason of the improvement". Viewers were appointed and in their report declined to award plaintiff damages. On appeal to the common pleas, where jury trial was waived, it was held, with the approval of the court in banc, that appellant was not entitled to recover.

Appellant's claim was based on Article XVI, section 8, of the Constitution, providing that "Municipal and other corporations and individuals invested with the privilege of taking private property for public use shall make just compensation for property taken, injured or destroyed by the construction or enlargement of their works, highways or improvements . . ." The learned court held that provision inapplicable, being of opinion that while both the City and the railway company were involved in the improvement, it was in fact made by the Commonwealth and the Commonwealth had not assumed liability.

In his adjudication, the learned trial judge said: "The work of elevating the roadbed and building the bridges for the tracks was performed by a contractor employed by, and under the supervision and control of the Department of Highways, another arm of the Commonwealth. The Reading Company laid the ballast, ties and rails for the tracks on the roadbed and bridges thus furnished, but neither it nor the City of Philadelphia participated in the work of constructing the embankment, retaining walls and abutments for the roadbed at

the higher level and building the bridges. Consequently, the injury to plaintiff's property was the result of the exercise of the power of eminent domain, and of the doing of the work pursuant thereto, by the Commonwealth, and not by the City or the Reading Company."

When the Commonwealth exercises its right of eminent domain and injures but does not take property, it is not required to compensate for the consequential injury: *Hoffer v. Reading Co.*, 287 Pa. 120, 124, 127-128, 134 A. 415; *Soldiers & Sailors Memorial Bridge*, 308 Pa. 487, 491, 492, 162 A. 309; *McGarrity v. Com.*, 311 Pa. 436, 438, 166 A. 895; *Heil v. Allegheny County*, 330 Pa. 449, 452-453, 199 A. 341.

The appellant relies on *Westmoreland Chemical & Color Co. v. Public Service Commission et al.*, 294 Pa. 451, 144 A. 407. From what was said during the hearing below and in the argument in this court, there appears to be some misapprehension of what was decided in the Westmoreland Chemical litigation, a misapprehension perhaps resulting from the fact that part of the action of this court is reported in 293 Pa. 326 and 333, and part of it in 294 Pa. 451, instead of having the three opinions reported together. The plaintiff was the Westmoreland Chemical Company and the defendants were the Public Service Commission, together with Lawrence County, the City of New Castle, the Pennsylvania-Ohio Electric Company and the Pittsburgh and Lake Erie Railroad Company, intervening defendants. The jury rendered a verdict in favor of the plaintiff in the sum of $10,000 against all the defendants. The plaintiff and the four intervening defendants took separate appeals which were argued together. Three opinions were filed: the first, reported in 293 Pa. 326, dealt with the appeal of the plaintiff; the second disposed of the appeals of Lawrence County, the City of New Castle and the Pennsylvania-Ohio Electric Company; 293 Pa. 333. The opinion in the appeal of the intervening railroad company was not printed with the other opinions: 294 Pa. 451. The

appeals involved the change of grade of a city street constituting the approach to the bridge constructed over the tracks of four railroad companies and the river; this change of grade damaged the chemical company's abutting land. New Castle, a city of the third class, was liable by statute for damages resulting from the change of grade. The abolition of the grade crossings over the four railroads benefited them. The Commission, under the police power administered by it pursuant to the Public Service Company Law, apportioned the cost of the entire improvement among the parties. One of the items of cost was the discharge of the liability of the City of New Castle for damages found to have resulted from the change of grade. That liability arose, not from the administrative provisions of the Public Service Company Law, but from the statute imposing liability on cities of the third class for the change of grade.

The case did not hold, as suggested in the argument in the present case, that the Commission imposed a liability for consequential injury which the law had not imposed. The court did not decide that the Commission had authority to impose a liability for all consequential injuries; it merely enforced a liability for the change of grade of the city street for which the law theretofore had imposed liability. The difference between that case and this is in the fact that there is no liability to compensate for the damage alleged to have resulted to the appellant, while there was liability to compensate for the change of grade.

The contract between the Commonwealth, the City of Philadelphia and the Reading Company, provides that the city and the Reading Company shall pay in equal shares ". . . the cost of all land damages and the cost of the acquisition of any land . . ." and that each shall pay ". . . the one-half of all damages arising or to arise from the physical changing of the lines and grades of streets provided for in the plans, specifications and this agreement and also to pay one-half of all claims or judg-

ments for the recovery thereof, including interest and costs which may arise from the consequential injury to persons, property or estates, arising from or growing out of the changes of elevation of the tracks and appurtenances of the . . ." railroad.

The terms "land damages" and "consequential injury," so used in the contract, mean damage for which the law provided a remedy, and not injuries which were not compensable theretofore. Each agrees to pay one-half of "judgments for the recovery thereof" but there could be no judgment without legal liability to redress the injury. While section 411 authorizes the Commission to ascertain compensation for damages for property taken, injured or destroyed in the abolition of grade crossings, and to apportion the cost among interested parties or to send the parties to the common pleas for the determination of damages, the section does not create liability for a new tort. Not all injuries are compensable under Article XVI, section 8 of the Constitution. It may be true that when the railroad company elevated its tracks across Allegheny Avenue and severed plaintiff's siding connection at the old grade, the plaintiff suffered an injury consequent upon the change. But that, as our cases show, was not a compensable injury. In construing the word "injured" in Article XVI, section 8, we said, in *Pennsylvania R. R. Co. v. Marchant*, 119 Pa. 541 at p. 561, 13 A. 690, "We understand the word 'injury,' (or injured), as used in the constitution, to mean such a legal wrong as would be the subject of an action for damages at common law . . ." That definition should perhaps be supplemented to include injury for which a statute provides redress as where the legislature provides liability for damages resulting from change of grade. This court has held more than once that an adjoining property owner acquires no right of action against a railroad company for damage resulting to his property by the elevation of the railroad within the limits of the right of way: *Gillespie v. Buffalo, etc. Ry. Co.*, 226 Pa.

31, 74 A. 738; in *Ridgway v. Phila. & Reading Ry. Co.*, 244 Pa. 282, 90 A. 652, the elevation deprived the plaintiff of the siding connection theretofore used at grade; compare *Palmer v. D. L. & W. R. R. Co.*, 277 Pa. 1, 120 A. 668. In *Hoffer v. Reading Co.*, 287 Pa. 120, 134 A. 415, it was held that the construction of a subway under its tracks and within the lines of its right of way for the purpose of enabling a public highway to be constructed below the level of the tracks, imposed no liability for damages to an owner whose land, abutting on the public highway, was adversely affected by the change of the grade required to pass the highway under the railroad.

We think therefore that whether the work was done by the Commonwealth, acting by its contractor as the learned court found, or by a contractor employed by any of the parties, is immaterial. On the broader grounds stated, there is no liability to the adjoining owner for damage resulting from the elevation of the railroad within the lines of its own right of way.

Judgment affirmed.