## Cope v. Lehigh Valley Transit Co.

*Hiram H. Keller* and *Livengood & Braucher*, for plaintiff.

*Biehn & Thatcher*, for defendant.

BIESTER, P. J., November 9, 1956.—In this action in equity plaintiff seeks injunctive relief, founded upon the averments in his complaint of the following facts:

Defendant in 1911 condemned certain lands of plaintiff for the purpose of erecting and maintaining an

electric street railway line. Defendant built an embankment across the land so condemned, upon which the tracks were laid. Defendant has now abandoned the use of the right of way and removed its tracks but has refused to remove the embankment.

The bill seeks the removal of the embankment and, as an incident thereto, also prays for money damages growing out of the failure to remove the embankment.

Defendant in response to the complaint has filed preliminary objections being, (1) a demurrer; (2) a motion for more specific pleadings; (3) a motion to certify the action to the law side of the court and (4) a motion to strike.

We will first treat the preliminary objection in the nature of a demurrer, for it is our view that this objection should be sustained. The necessity of dealing with the remaining objections is therefore obviated.

We understand plaintiff's position to be that upon abandonment of the use of the condemned land by defendant, the land reverted to plaintiff, and that it became the legal obligation of defendant to remove the embankment, and thus restore the land to the same condition in which it was prior to the condemnation. Plaintiff cites no case in support of this novel proposition and our independent research has revealed none.

The right of eminent domain is conferred upon street railway companies by the Act of June 1, 1907, P. L. 368, 67 PS §1221 et seq., this act being supplemental to the Act of May 14, 1889, P. L. 211, 67 PS §1111, et seq., providing for the incorporation of such street railway companies.

The proceedings under which the land in question was condemned is referred to in the complaint and appears to be in conformity with the provisions of the above recited acts of assembly.

The award of the viewers was in the amount of $300, $25 for the value of the land taken and $275 "arising

out of inconvenient use of his remaining land abutting on that so taken, the grade at which the railway of the petitioner will be constructed, the proximity of said railway, and otherwise".

The title obtained by a condemnation, while less than a fee, is more than an easement. ". . . it is a right to exclusive possession, to fence in, to build over the whole surface, . . . and to deal with it within the limits of railroad uses as absolutely and as uncontrolled as an owner in fee. There was no such easement at common law, . . . It would seem to be rather a fee in the surface and so much beneath as may be necessary for support, though a base or conditional fee, terminable on the cesser of the use for railroad purposes": Pa. Schuylkill Val. R. R. v. Reading Paper Mills, 149 Pa. 18; Pittsburgh, Ft. Wayne & Chicago Ry. v. Peet, 152 Pa. 488; Dilts v. Plumville Railroad Company, 222 Pa. 516; Gillespie v. Buffalo, etc. Railway Company, 226 Pa. 31; Reed v. Allegheny County, 330 Pa. 300.

Upon such abandonment of the use, the title to the premises so condemned reverts to the original owner, or those who hold under him: Lazarus v. Morris, 212 Pa. 128; Leach v. Philadelphia, Harrisburg & Pittsburgh Railroad Company, 258 Pa. 518; Dickel v. Bucks-Falls Electric Co., 306 Pa. 504; United States v. Certain Land in Falls Township, Bucks County, Pa., 38 F. 2d 109.

In the latter case the court, page 110, says: "There is no doubt that the law of Pennsylvania is that the title taken through condemnation proceedings is not a fee simple but a base fee, or, in other words, that the right acquired is not one to the ownership of the land in the sense in which a tenant in fee simple owns his lands, but it is merely a right to the possession and use of the lands for the purpose of the use for which taken, and that whenever the use ceases the title to

the lands reverts to those called the former owners."

This right of reversion is a matter that the jury should properly consider in assessing the damages: Larkin v. Scranton City, 162 Pa. 289; Dickel v. Bucks-Falls Electric Co., supra.

Once having condemned the land, it may be used by the condemner in any manner in which it sees fit, consistent with its use: Gillespie v. Buffalo, etc., Railway Company, 226 Pa. 31; Pennsylvania Company for Insurances on Lives and Granting Annuities v. Philadelphia, 351 Pa. 214.

Under these cases, the law appears clear that while the condemned property is being used by the condemnor for the purposes consistent with its exercise of its right of eminent domain, the owner of the premises condemned is precluded from recovering further damages than those assessed by the viewers. It follows that had defendant in the instant case continued to operate its railway even perpetually, plaintiff would be entitled to no further damages. As we understand it, plaintiff agrees with this proposition of law. Why, then, if by reason of the fortuitous circumstances of abandonment, a factor which benefits plaintiff, should plaintiff acquire additional rights against defendant, when he has already been fully compensated for the use in the event no such abandonment and consequent reverter ever takes place?

If we were to agree with plaintiff's contention, a jury fixing damages upon condemnation would not only be required to consider the possibility of abandonment and the subsequent reverter (Dickel v. Bucks-Falls Electric Co., supra), but should also be instructed in further diminution of damages that the condemnor would become legally bound to restore the premises to its original state at the time of the reversion. We find no case even intimating that this would be a proper instruction.

Briefly stated, we are in accord with plaintiff's view that upon abandonment, a fact which we must consider as established for the purposes of this opinion, the land in question reverted to him. We find no basis, however, in law, or reason, for his contention that, upon reversion, additional remedies, either in equity, or the law side of the court were acquired, which would permit the assessment of further damages or require that the railway company restore the premises to the same condition in which it was prior to the seizure.

### Order

And now, to wit, November 9, 1956, defendant's preliminary objection in the nature of a demurrer is sustained and the prothonotary is directed to enter judgment in favor of defendant, Lehigh Valley Transit Company, and against plaintiff, Jacob E. Cope.