## Kriss, et ux. *v.* Pennsylvania Turnpike Commission.

224

Argued May 4, 1972, before Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT. President Judge BOWMAN did not participate.

*Charles B. Zwally*, with him *Lloyd R. Persun, Shearer, Mette, Hoerner & Woodside, John P. Lavelle* and *Shutack, Lavelle & Lavelle*, for plaintiffs.

*Jay R. Braderman*, Assistant General Counsel, with him *George H. Shaffer*, Assistant Counsel, and *John R. Rezzolla, Jr.*, General Counsel, for defendant.

OPINION BY JUDGE CRUMLISH, JR., July 31, 1972:

Plaintiffs, in this action,[1] seek injunctive relief and monetary damages for injuries allegedly caused by the continuing trespass of the defendant Turnpike Commission.

The pertinent facts are as follows: At all times material to this case the plaintiffs have owned approxi-

---

[1] This action which is a suit against an instrumentality of the Commonwealth is under the original jurisdiction of this Court. Act of July 31, 1970, P. L. 673, Article 4, Section 401(a)(1), 17 P.S. §211.401(a)(1).

mately 1,000 acres of real estate in Franklin Township, Carbon County, Pennsylvania. Plaintiffs have since 1956 conducted a fish hatchery business on this property which entails the trout stocking of approximately 67 ponds and lakes located thereon.

In 1958, pursuant to the authorization of the Act of September 27, 1951, P. L. 1430, §§6 et seq., 36 P.S. §§660.1 et seq., the Turnpike Commission exercised its power of eminent domain and acquired approximately 12 acres of plaintiffs' land for the purposes of the Northeast Extension.

The plaintiffs allege that during the construction of the Northeast Extension, the defendant caused cuts and fills in the earth adjacent to plaintiffs' land and that these cuts and fills have been left exposed without adequate drainage. This surface destruction along with the inadequate drainage has resulted, according to plaintiffs, in the washing of large quantities of mud, silt, stone and debris into plaintiffs' ponds and lakes with attendant damage to the hatchery business.

In an effort to terminate this alleged continuing trespass, plaintiffs filed a complaint in equity seeking appropriate relief. They would have this Court issue an injunction prohibiting the defendant from depositing its drainage onto plaintiffs' property; issue an order requiring the defendant to remove the debris already deposited on plaintiffs' property and further requiring the defendant to restore plaintiffs' property to the condition existing prior to the alleged trespass, and enter an award of damages.

To this complaint, the defendant Turnpike Commission has filed preliminary objections raising the issue of jurisdiction in that defendant, as an instrumentality of the Commonwealth is clothed with the immunity of the sovereign and is not subject to suit in these circumstances. The preliminary objections also include a Motion for a More Specific Complaint.

The law of this Commonwealth is that "to support a recovery of damages from the Commonwealth in cases where property is not actually taken by it, there must be an act of the legislature expressly imposing such liability."[2] *Heil v. Allegheny County,* 330 Pa. 449, 453, 199 A. 341 (1938). *See also, Brewer v. Commonwealth,* 345 Pa. 144, 27 A. 2d 53 (1942).

The Pennsylvania Turnpike Northeast Extension Act, Act of September 27, 1951, P. L. 1430, §§1 et seq., 36 P.S. §§660.1 et seq., authorizes the Pennsylvania Turnpike Commission to construct, operate, maintain, etc., the northeast extension of the turnpike. Section 6(k) of that Act, 36 P.S. 660.6(k) provides: "Adequate compensation shall be made by the Commission out of funds provided under the authority of this act for damages to all public or private property taken, injured or destroyed in carrying out the powers granted by this act, or such property may be restored or repaired and placed in its original condition as nearly as practicable, as the Commission may deem it expedient in any particular case."

The clear import of this language is that compensation is to be paid, or restoration of the land is to be made when injury results to private property from the exercise by the Turnpike Commission of the powers granted by the act. This section extends to a landowner whose property is injured the right to proceed against the Turnpike Commission for redress of the alleged injury.

*Ewalt v. Pennsylvania Turnpike Commission,* 382 Pa. 529, 115 A. 2d 720 (1955), provides support for this interpretation. In that case, plaintiffs alleged that the Pennsylvania Turnpike Commission, in constructing the

---

[2] The dispute in this case does not involve the exercise of the Commission's power of eminent domain or the compensation paid for the initial taking but concerns the alleged injury to the property of the plaintiffs.

western extension of the turnpike, had caused erosion in the surrounding areas similar to the erosion complained of in the instant case. As a result, debris and silt had drained onto plaintiffs' land and into plaintiff's lake.

With striking similarity to the case at bar, the plaintiffs there requested an order requiring the Turnpike Commission to remove the dirt and debris; requiring the Commission to contain the discharge of the dirt and debris onto plaintiffs' property; requiring the defendant to restore the lake to the condition it was in prior to the alleged trespass; and requiring defendant to restock the lake with aquatic life comparable to that existing prior to the time of the construction of the turnpike extension.

Section 6(R) of the statute authorizing the Western Extension of the Turnpike provided: "All public or private property damaged or destroyed in carrying out the powers granted by this act shall be restored or repaired and placed in their original condition as nearly as practicable or adequate compensation made therefor out of funds provided under the authority of this act."[3] Viewing the allegations of the complaint in light of this statutory language, the Pennsylvania Supreme Court concluded that "the plaintiffs have a right of action against the Commission for the alleged damage and destruction of their property." 382 Pa. at 535.

Also, in *Valley Forge Gardens v. Morrissey,* 385 Pa. 477, 485, 123 A. 2d 888 (1956), the Pennsylvania Supreme Court, in interpreting *Ewalt,* stated: "We held [in Ewalt] that the Commission was liable for the proven consequential damages because the Western Pennsylvania Turnpike Extension Act of 1941, P. L. 101, under which that section of the turnpike was constructed, expressly charged the Commission with the

---

[3] Act of June 11, 1941, P. L. 101, §6(k), 36 P.S. §654(e)(k).

payment of compensation for property damaged or destroyed by the construction, operation and maintenance of the turnpike."[4] The similarity of the causes of action and of the statutory language between *Ewalt* and the instant case leads to the inescapable conclusion that plaintiffs here have a valid cause of action for the alleged damage and destruction of their property.

In order that defendant may properly answer the complaint, we sustain the preliminary objections which are in the nature of a motion for a more specific complaint as follows:

(1) In Paragraph 8 of the complaint, plaintiffs have failed to define the term "debris."

(2) The plaintiffs' demand for damages does not specify with particularity the damage allegedly sustained.

(3) The complaint fails to specify the location and number of any or all of the ponds and lakes allegedly affected by the conduct of defendant.

---

[4] We are not unmindful of *Anderson Appeal*, 408 Pa. 179, 182 A. 2d 514 (1962), in which the court stated: "In Ewalt v. Pennsylvania Turnpike Commission, supra, we held that although the Turnpike Commission is liable for continuing trespasses against plaintiff's property, it is an instrumentality of the Commonwealth and therefore immune from consequential damages." The *Anderson* case concerned the exercise of eminent domain and this language must be read to mean that consequential damages are not available upon the initial exercise of eminent domain. The instant case involves damage from the construction, operation and maintenance of the turnpike and not the exercise of eminent domain. *Ewalt* was in the same posture. Under these circumstances, the plaintiff is not completely precluded from asserting a right of action for consequential damages.

Such a reading of *Anderson* is congruous with the clear language of *Valley Forge Gardens* and the previously stated statutory provision. *See also, Pennsylvania Company for Insurance on Lives and Granting Annuities v. Philadelphia*, 351 Pa. 214, 40 A. 2d 461 (1944).

(4) The complaint fails to itemize with particularity the quantity of trout which was destroyed or lost in each specific pond or lake.

Specificity with respect to the other demands of defendant is not necessary in order that the Turnpike Commission might properly answer. Accordingly, we issue the following

### ORDER

AND NOW, this 31st day of July, 1972, the preliminary objections of the defendant are hereby disposed of as follows: (1) the preliminary objection raising the question of jurisdiction is dismissed; (2) the preliminary objections in the nature of a motion for a more specific complaint are sustained consistent with this opinion; plaintiffs are granted leave to amend the complaint within twenty days of the date herein.