## Bennett *v.* Sullivan County, Appellant.

*Constitutional law—Title of act—Wild animals—Counties—Act of July 9, 1897, P. L. 233.*

The Act of July 9, 1897, P. L. 233, entitled "An Act for the destruction of wild cats, foxes and minks in this commonwealth, and providing for payment of bounties on the same, officers' fees, and fixing a penalty for

violation of same," is defective in title and unconstitutional, inasmuch as the title does not state that the bounties provided by the act are to be paid by counties.  As there was no prior legislation on the subject, the authorities of counties had no reason to suppose from the title of the act that the payment of the bounty would be imposed upon them.  Hays v. Cumberland County, 5 Pa. Superior Ct. 159; 186 Pa. 109, distinguished.

The attempt of the legislature to re-enact the act by amending the title by the Act of April 11, 1899, P. L. 43, was ineffective, inasmuch as the title of the later act conveys no intimation that a duty is to be imposed upon counties; nor is the earlier act amended in the manner provided by the constitution.

Argued March 7, 1905.   Appeal, No. 2, March T., 1905, by defendant, from judgment of C. P. Sullivan Co., Dec. T., 1902, No. 2, on case stated in suit of R. W. Bennett v. Sullivan County.   Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER and HENDERSON, JJ.   Reversed.

Case stated to determine the liability of counties for bounties under the Act of July 9, 1897, P. L. 233.

From the record it appeared that the plaintiff killed a wild cat in the county, and claimed the sum of $2.00 as a bounty.

The court in an opinion by DUNHAM, P. J., entered judgment for the plaintiff.

*Error assigned* was the judgment of the court.

*E. J. Mullen,* for appellant, cited: Dorsey's App., 72 Pa. 192; Quinn v. Cumberland County, 162 Pa. 55; Phoenixville Road, 109 Pa. 44; Com. ex rel. v. Samuels, 163 Pa. 283; Stegmaier v. Jones, 203 Pa. 47.

No appearance nor paper-book for appellee.

OPINION BY PORTER, J., October 9, 1905:

The parties agreed upon a case stated in the court below, and the only question for consideration upon this appeal is whether the Act of July 9, 1897, P. L. 233, violates article III, sec. 3 of the constitution, which ordains that: "No bill, except general appropriation bills, shall be passed, containing more than one subject, which shall be clearly expressed in its. title."   The act in question is entitled, "An act for the de-

struction of wild-cats, foxes and minks in this commonwealth, and providing for the payment of bounties on the same, officers' fees, and fixing a penalty for violation of same." Sec. 1, enacts : " That for the benefit of agriculture and the protection of game within this commonwealth, there is hereby established the following provisions for the destruction of certain noxious animals, to be paid by the respective counties in which the same are slain, namely : for every wild-cat, two dollars; for every fox, red or gray, one dollar; for every mink, fifty cents." This is the only substantive provision of the statute, what follows is mere matter of detail regulating the manner of proof of the killing of the animal and the mode of collecting the claim. The act imposes no duty on any officer or individual to hunt for or destroy the animals. The effect, not the purpose of an act determines its validity : Pennsylvania Railroad Company v. Riblet, 66 Pa. 164. The effect of this statute was to impose on the several counties of the state the duty to pay the amounts indicated to persons who killed within their respective boundaries any of the animals named, and this was, exclusively, the subject of the act. Was this subject clearly expressed in the title? Did the title convey notice that any burden was being placed upon counties ? There was prior to this legislation no law which imposed upon counties any duty or burden with regard to animals of this character, nor was there any law which imposed upon counties the general duty to pay such bounties as might be authorized by statute. No prior act or general rule of law existed which can be used to bolster up this legislation; if it stands it must stand alone.

The learned judge of the court below was of opinion that this case was ruled by Hays v. Cumberland County, 5 Pa. Superior Ct. 159, affirmed in 186 Pa. 109, but to that proposition we cannot assent. The act there passed upon was entitled, " An act to define and suppress vagrancy." It related to a subject which had been repeatedly legislated upon during a period of almost a century. It defined, in terms not new, what constituted vagrancy, and provided for its punishment. The provision of the statute which was assailed, as not being within the title, was : " That for each arrest, hearing or commitment, made under this act, there shall be paid out of the

county treasury to the committing magistrate and officer making such arrest or commitment, the same fees and mileage as now provided by law for like services in other cases of arrest, hearing and commitment." Judge WICKHAM, who spoke for the court in that case, in disposing of the question said: " To suppress vagrancy the law must be enforced; to enforce the law the proper officers must arrest, try, convict, and commit the vagrants, and it is needful that these officers be paid for their services. The compensation clause is therefore germane to the subject-matter, announced by the title of the act; indeed it may be said to be a necessary detail." That statute did not authorize the collection by an officer of any cost to which he was not entitled under pre-existing laws. To collect any cost the officer must show other statutory authority. The act was but a part of the system of criminal procedure, and the particular part objected to only provided for the payment of the costs in a criminal proceeding. Counties had long been liable for the costs in cases of conviction for vagrancy, and the act there dealt with did not impose upon them any new burden: County of Northampton v. West, 28 Pa. 173; County of Lancaster v. Brinthall, 29 Pa. 38; County of Cumberland v. Holcomb, 36 Pa. 349. The title of that act, therefore, was direct notice to the counties that it dealt with a subject which at that time involved a burden upon their treasuries; the provision in the act relating to the payment of the costs was a mere matter of detail entirely pertinent to the subject indicated by the title.

The statute with which we are now dealing presents an entirely different question; the provision imposing the charge upon the county is its only substantive regulation, the soul and body of the act, and it cannot be treated as a mere matter of detail. The title is only notice that the act provides for the payment of bounties on the destruction of certain animals. The subject was one with which counties had no necessary connection and with regard to which at that time they were not subject to any duty. Had the title indicated that it created and provided for the prosecution of a criminal offense, that would have been sufficient notice to a county that it might become liable for the costs of such prosecution, but that is not this case. The title contained no notice that the act

related to any subject in which the counties had any interest. " It may be safely assumed that the title must not only embrace the subject of proposed legislation, but also express the same so clearly and fully as to give notice of the legislative purpose to those who may be specially interested therein. Unless it does so it is useless: " Road in Phœnixville, 109 Pa. 44; Quinn v. Cumberland County, 162 Pa. 55. The title of this act was merely notice that a bounty was to come from some source, but it gave no indication whether it was to be paid by the state, the county, the township or the owner of the land where the animal was destroyed. " Nothing ambiguous can be said to be clear, and this is a decisive answer to the argument that the title is sufficient to lead to inquiry. An inquiry into a dubious or uncertain thing is not the purpose of the constitution. Its requirement is that the subject shall be clearly expressed: " Union Passenger Railway Company's Appeal, 81* Pa. 91. " The title to an act need not be an index to its contents, and though the title may be general it will cover all details and collateral matters naturally and properly incident to the subject named, but to omit as the act under consideration does, all indication of its most important feature and effect is to fail entirely in the constitutional requirement that the subject shall be clearly expressed in the title : " Stegmaier v. Jones, 203 Pa. 47. This act imposed a burden upon counties to which they were not before subject, in a matter with which counties generally had had no previous connection, and is defective in title and unconstitutional, inasmuch as the title gives no notice to counties of the burden imposed upon them by the act: Dailey v. Potter County, 203 Pa. 593.

The act never became a law, and as such has no existence. The attempt of the legislature to breathe life into this inanimate object by amending the title, by the Act of April 11, 1899, P. L. 43, was ineffective. The latter act is subject to the same objection as the former, its title, " An act to amend the title to an act, approved the ninth day of July 1897, providing for the payment of bounties for the destruction of wild-cats, foxes and minks in this commonwealth, and fixing a penalty for violating the same," conveys no intimation that a duty is to be imposed upon counties. The body of the act

attempts to provide for the act of 1897 a title which would have been adequate if it had been a part of the act of 1897, and passed upon by the body which enacted that statute. That was all that the act of 1899 attempted, it made no regulations and imposed no duties.    The constitution contemplates the presence of a sufficient title at the time the statute is enacted, that the legislative body which enacts the law, and all persons interested in the legislation shall have the notice which a sufficient title gives.    The act of 1897 never became a law because its title was insufficient, and the act of 1899 is not only deficient in title, but lacks all the essential parts of a statute, the declaratory, the directory, the remedial and the vindicatory.    The act of 1899 refers only to the title of the act of 1897, and for that reason offends against article III, sec. 6 of the Constitution : " No law shall be revived, amended, or the provisions thereof extended or conferred, by reference to its title only, but so much thereof as is revived, amended, extended or conferred shall be re-enacted and published at length."    If the act of 1897 was not a valid exercise of legislative power, it could not be made a law by a subsequent statute which amended and referrred to its title only.

The judgment is reversed and judgment is now entered for the defendant with costs.

RICE, P. J., dissents.