## Roush, Appellant, *v.* Northumberland County.

*Constitutional law—Title of act—Fees of justices of the peace—New burdens imposed upon counties—Act of April 23, 1909, P. L. 160.*

Where an act places upon counties new burdens, without an intention so to do being clearly indicated in the title of the act in question, the act as it relates to those particular burdens is unconstitutional.

The Act of April 23, 1909, P. L. 160, entitled "An act to regulate and estimate the fees to be charged by justices of the peace," is unconstitutional, in so far as it attempts to impose upon counties the burden of paying to justices of the peace a fee of two dollars in each case of summary conviction.

Argued Oct. 27, 1915. Appeal, No. 293, Oct. T., 1915, by plaintiff, from judgment of C. P. Northumberland Co., Feb. T., 1914, No. 147, for defendant on case stated in suit of Earl M. Roush, Justice of the Peace, v. Northumberland Co. Before RICE, P. J., ORLADY, HEAD, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Case stated to determine the liability of the county to pay certain costs.

From the case stated it appeared that during the year 1914 the plaintiff, a justice of the peace, heard one hundred and fifty summary conviction cases, in which the several defendants pled guilty, failed to pay their fines

and costs, and were committed to the Northumberland County jail. Each of these prosecutions was brought under one of the following three Acts of Assembly of the Commonwealth of Pennsylvania, viz: Act of June 11, 1879, P. L. 152, Act of May 2, 1901, P. L. 132, and Act of April 14, 1905, P. L. 169. The defendants were released from jail by the warden at the expiration of their respective terms of imprisonment. Neither the defendants nor any other person paid the costs of the justice of the peace. Demand was made by the justice of the peace upon the County of Northumberland for the payment of $2 on each of the cases under the Justices' Fee Bill contained in the Act of April 23, 1909, P. L. 160. Payment was refused by the county. Whereupon the justice of the peace brought this suit. On March 26, 1914, a case stated was filed.

The court in an opinion by CUMMINGS, P. J., held that the Act of April 23, 1909, P. L. 160, was unconstitutional, and entered judgment for defendant.

*Error assigned* was the judgment of the court.

*Earl M. Roush* and *J. Fred Schaeffer,* for appellant.— The act is constitutional: Bradbury v. Wagenhorst, 54 Pa. 180; Union Imp. Co. v. Com., 69 Pa. 140; Com. v. Jones, 4 Pa. Superior Ct. 362; McLaughlin v. Jefferson County, 23 Dist. Rep. 479; Pyle v. County, 63 Pitts. 221.

*Charles M. Clement,* with him *J. H. McDevitt,* County Solicitor, for appellee, cited: Dougherty v. Cumberland County, 26 Pa. Superior Ct. 610; Bennett v. Sullivan County, 29 Pa. Superior Ct. 120; Quinn v. Cumberland County, 162 Pa. 55; Daily v. Potter County, 203 Pa. 593; Bradford County v. Wells, 125 Pa. 319.

PER CURIAM, July 18, 1916:

This appeal involves the constitutionality of certain items of the Act of April 23, 1909, P. L. 160, relating to

the fees of justices of the peace for summary convictions. The title of the act is as follows: "To regulate and establish the fees to be charged by justices of the peace. ......" The act provides for fees in civil and criminal proceedings and other miscellaneous fees not of a legal nature. The item with which we are concerned is: "In all cases of summary conviction heard and disposed of, to be allowed and paid by the county (if under any act of the legislature) two dollars: Provides, that this shall not apply to the payment of costs in summary conviction cases that are now or may hereafter be otherwise provided for." This item is found among a number of other items specifying the amount to be charged in various matters. It is urged that the title to the act violates Section 3, of Article III, of the Constitution, in not specifying by whom the above fees were to be paid. It has been repeatedly held that where an act places upon counties new burdens, without an intention so to do being clearly indicated in the title of the act in question, the act as it relates to those particular burdens is unconstitutional: Road in Phœnixville, 109 Pa. 44; Pierie v. Philadelphia, 139 Pa. 573; Baker v. Warren County, 11 Pa. Superior Ct. 170; Dailey v. Potter County, 203 Pa. 593; Bennett v. Sullivan County, 29 Pa. Superior Ct. 120; Quinn v. Cumberland County, 162 Pa. 55; Alms v. Indiana County, 45 Pa. Superior Ct. 137. .

The question arose from the authority to collect costs in prosecutions brought under the Act of June 11, 1879, P. L. 152, an act to prevent illegal train riding; the Act of April 14, 1905, P. L. 169, an act to prevent illegal trespass upon lands posted with notices; and the Act of May 2, 1901, P. L. 132, an act to punish loud, boisterous and unseemly noises on streets and highways. Each act was complete in itself in providing for the offenses mentioned, the enforcement of the act, and the final disposition of the case. All are summary convictions and the appellant admits that there was no liability on the county for his costs prior to the Act of 1909. Neither

the county nor the district attorney's office were concerned with the offenses. They were each in the nature of private prosecutions to redress offenses with which the public at large was not generally concerned, or, as in the act punishing disorderly conduct, giving to local municipalities an authority usually exercised in boroughs and cities through their municipal officers by ordinance. To. entitle the appellant to recover such charge he must point to an act of assembly permitting it as the county can only be liable for costs by virtue of a statutory direction: Dougherty v. Cumberland County, 26 Pa. Superior Ct. 610.

The title in question gives notice that it will regulate and establish fees of justices of the peace. The thought conveyed by the words "regulate and establish" would be to fix and determine the amount thereof. It does not indicate how or by whom such fees are to be paid. The act does not attempt to define any crime or the punishment thereof. Where prior legislation dealt with the several items mentioned in the act and directed their payment, or where general acts dealt with the subject of costs and directed the manner of payment, the title to the present act would no doubt be sufficient to cover such items as contained in the present bill. But where an attempt is made to impose on the county a new charge for costs where none before existed; and by such charge relieve defendants or prosecutors from liability for the costs to the justice, the title under our decisions must contain a reasonable notice of such intention. While the amount of the fee provided in the act is comparatively small, these offenses become numerous and the charge becomes quite a burden on the county. Its officials should have a reasonable opportunity to know that they are expected to meet that burden and provide for it as they provide for the payment of all the expenses of the county. The cases relied on by the appellant may be distinguished in that they were for fees which had been in some manner provided for by pre-existing legislation and are

within the exception as pointed out by Judge PORTER in Bennett v. Sullivan County, supra.

In sustaining the view of the court below as to the unconstitutionality of the item quoted with respect to the acts of assembly mentioned, it is unnecessary to consider the other questions raised by the appellant.

The judgment is affirmed.