## Knoll *v.* Harborcreek Township, etc., Appellants.

*Public Service Commission—Grade. crossings—Liability of townships and counties—Damages—Act of July* 26, 1913, *P. L.* 1375, *pp.* 1409, 10.

The Public Service Commission ordered that a grade crossing be abolished and that a subway be built. To accomplish this certain grading of the road in front of plaintiff's property was necessary. Under the Act of June 3, 1913, P. L. 1375, pp. 1409, 10, (Public Service Company Law) the plaintiff on appeal to the court of common pleas from the findings of the Public Service Commission, recovered damages caused by this grading; the court stating that "the grading of the road in front of plaintiff's property was a part of the scheme involved in the abolition of the grade crossings and necessary to its accomplishment."

Under such circumstances the verdict for the plaintiff will be sustained. The change in the highway was made pursuant to the order of the Commission and was not a relocation by the Department of Highways.

The Commonwealth may escape liability, but it may also assume it or impose it on the public service corporation or political subdivisions interested.

Argued April 14, 1925. Appeal No. 187, April T., 1925, by defendants from judgment of C. P. Erie County, November T., 1922, No. 136, in the case of John F. Knoll v. Harborcreek Township and the County of Erie. Before HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

424   KNOLL v. HARBORCREEK TWP., etc., Appels.

Statement of Facts—Opinion of the Court.   [86 Pa. Superior Ct.

Claim for damages resulting from the abolition of a grade crossing.  Before Rossiter, P. J.

The facts are stated in the opinion of the Superior Court.

The Public Service Commission refused plaintiff damages.  On an appeal from the order of the Commission the case was tried before a jury which rendered a verdict in favor of plaintiff for $1,000.00 and judgment was entered thereon.  Defendants appealed.

*Error assigned,* among others, was refusal of defendants' motion for judgment non obstante veredicto.

*P. V. Gifford,* and with him *R. J. Firman,* for appellants.

*W. Pitt Gifford,* of *Gunnison, Fish, Gifford & Chapin,* for appellee.

Opinion by Trexler, J., July 9, 1925:

The Public Service Commission, December 23, 1919, in the exercise of the power to abolish grade crossings, ordered that a subway be constructed which would carry what was known as the Buffalo Road under certain railroad tracks and traction line and thus eliminate two grade crossings.  In the carrying out of this plan the grade in front of plaintiff's property was changed in order to afford an approach and access to the proposed subway, and the County of Erie and the Township of Harborcreek were directed, among other things, to pay fifty per cent of all damages caused by the construction of such highway, as well as any damages legally sustained by any adjacent property.  For the change of grade plaintiff claims damages.  The Public Service Commission allowed him none, holding that the benefits equalled the damages.  He then took his appeal as provided by the Public Service Act and a jury of Erie County gave him a verdict for $1,000.

Appellants claim that as no land was taken in the construction of said approach to the subway no damages can be recovered.

The Commonwealth may escape liability, but it may also assume it or impose it on the public service corporations or political subdivisions interested. There is nothing in the Constitution to prevent this. The Act of July 26, 1913, P. L. 1375, pp. 1409, 10, creating the Public Service Commission provides for the abolition of any grade crossing and "the compensation for damages, which the owners of adjacent property, taken, injured, or destroyed, may sustain in the construction, relocation, alteration, or abolition of any such crossing specified in this section (for which compensation the said owners are hereby invested with warrant or authority, upon appeal from the determination of the commission, to sue the Commonwealth), shall, after due notice and hearing, be ascertained and determined by the commission; and such compensation, as well as the expense of the said construction, relocation, alteration, or abolition of any such crossing, shall be borne and paid, as hereinafter provided, by the public service company or companies or municipal corporations concerned, or by the Commonwealth, either severally or in such proper proportions as the commission may, after due notice and hearing, in due course, determine, unless the said proportions are mutually agreed upon and paid by those interested as aforesaid." Here is a legislative act which fixes a method whereby the cost of eliminating grade crossings shall be apportioned, and the commission is designated to carry out the details of the scheme. The counties and townships are subdivisions of the State, are agencies of the government, and barring constitutional prohibitions, are entirely subject to legislative control. When such apportionment is made the extent of the liability is fixed. To escape this the defendants claimed that the road passing the plaintiff's property and in the grading of

which the damages were occasioned, was not a part of
the improvement having for its purpose the abolishing
of the grade crossings, but was a construction of a
highway by the State and that for a change of grade
for such highway there is no liability. If the damage
was caused by the State in its sovereign capacity act-
ing through the highway department, then plaintiff
has no remedy for he cannot recover for property in-
jured but not taken: article I, section 10, Constitution
of Pa.: Highway Route No. 72, 71 Pa. Superior Ct. 90,
s. c. 265 Pa. 369. This claim is not borne out by the
testimony. The grading of the road in front of plain-
tiff's property was a part of the scheme involved in the
abolition of the grade crossings and necessary to its
accomplishment. As in the erection of a bridge (Penn
Township v. Perry County, 78 Pa. 457) so in the con-
struction of a subway, it is incomplete until everything
necessary for use and included in the project has been
applied and every such appliance is part of it. The
change in the highway was made pursuant to the order
of the commission, and in accordance to its plans and
directions as to the means of approach to be provided
for the subway. Although the highway department
afterwards paved the street, it had nothing to do with
the grading of it, nor had it any supervision over it
during its preparations in order to conform to the
subway grade. As was said by the trial judge: ''Had
there been no subway there would have been no ne-
cessity for changing the grade at plaintiff's premises,
as the highway would have continued to be where it al-
ways had been and at practically the same grade, but
on account of this subway the evidence discloses that
'from about the center of plaintiff's lot the roadway
declined' 'and is continuous until it gets to the mouth
of the subway,' 'being more marked as it gets close to
the subway.' 'The grade in front of the plaintiff's
property is part of the approach to the subway.' '' In
fine, the right of the legislature to enact the public

service law not being questioned, when the commission in strict conformity to said act undertook to abolish these grade crossings and fixed the apportionment among the various corporate bodies required under said act to contribute, the Township of Harborcreek and the County of Erie were by such action bound to comply with the order made.

The judgment of the lower court is affirmed.