## Soldiers and Sailors Memorial Bridge.

488

Argued May 26, 1932. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*F. Brewster Wickersham,* of *Metzger & Wickersham,* for appellant.—The erection of the memorial bridge constituted the taking of an easement of light, air and access and was therefore an actual taking of property by eminent domain so as to bring it within the specific words of the title of the act: Graeff v. Schlottman, 287 Pa. 342.

An easement is property: Chambersburg Shoe Mfg. Co. v. R. R., 240 Pa. 519; Lilley v. Ry., 213 Pa. 247; In re Melon Street, 182 Pa. 402.

The erection of the memorial bridge was the taking by eminent domain of the easement of access, light and air, so as to impose liability on the Commonwealth of Pennsylvania: Lance's App., 55 Pa. 16; Sockett v. Transit Co., 62 Pa. Superior Ct. 542.

The taking of the easement by eminent domain comes within the title of the act: Reighard v. County, 42 Pa. Superior Ct. 426; Allison v. Bigelow, 68 Pa. Superior Ct. 219; Olyphant Boro. v. R. R., 225 Pa. 147; Seabolt v. Commissioners, 187 Pa. 318.

*William H. Neely,* Special Deputy Attorney General, with him *A. L. Edwards,* Deputy Attorney General and *Wm. A. Schnader,* Attorney General, for appellee.— There was no actual taking of appellant's property by the Commonwealth. Any damages sustained by the appellant were consequential: Phila. Clay Co. v. Clay Co., 241 Pa. 305; Jacobs v. Water Supply Co., 220 Pa. 388; Chester County v. Brower, 117 Pa. 647; Westmoreland Chemical & C. Co. v. Pub. Service Commission, 294 Pa. 451; Jamison v. Cumberland County, 48 Pa. Superior Ct. 32; Blainesburg-West Brownsville Road, 293 Pa. 173.

The Act of July 14, 1919, P. L. 1049, does not impose liability upon the Commonwealth for consequential damages: Hoffer v. Reading Co., 287 Pa. 120; Knoll v. Twp., 86 Pa. Superior Ct., 423.

If the Act of 1919 intended to impose on the Commonwealth liability for consequential damages, it is unconstitutional.

The title of the act gives no notice of the imposition of liability for such damages: Roush v. County, 63 Pa. Superior Ct. 314; Guppy v. Moltrup, 281 Pa. 343; Phillips's Est., 295 Pa. 349; Brink v. Marsh, 53 Pa. Superior Ct. 293; Com. v. Snyder, 279 Pa. 234.

The imposition of liability for consequential damages would be invalid as special and local legislation.

OPINION BY MR. JUSTICE KEPHART, June 30, 1932:

The Commonwealth, under the Act of July 18, 1919, P. L. 1049, erected a memorial bridge in the City of Harrisburg. It is an elevated structure, entirely within the lines and in the center of a street 100 feet in

width; the southern boundary line of the bridge being 20 feet from the southern line of the street and house line of appellant's property. The bridge, thus constructed over the bed of the street, resulted in a change of grade, impairing access to appellant's property and, to a certain extent, depriving it of light. The court below set aside the report of the viewers allowing damages for this injury, holding that the title of the act gave no notice of liability for the consequential damages thus imposed by the viewers on the Commonwealth.

Appellant contends that the erection of the bridge was an actual taking of the easement of light, air, and access, and was therefore an actual taking of property by eminent domain so as to bring it within the specific words of the title of the act. The title of the act claimed to impose liability, as it relates to this question, is as follows: "An act authorizing.....commissioners..... to erect a Soldiers and Sailors Memorial Bridge;...... providing for acquiring any property necessary by eminent domain;......and making an appropriation to carry out the provisions of this act."

We need not repeat what we have so often said with respect to titles to acts, that they need not be indexes of their contents; and an act will not be declared unconstitutional as offending section 3, of article III, "unless a substantive matter, entirely disconnected with the named legislation, is included within the folds of the bill:" Carr v. Ætna A. & L. Co., 64 Pa. Superior Ct., 343, 349. The act before us does include a substantive matter not mentioned in its title. The title provides for taking property by eminent domain. This contemplates an actual or direct taking of property and for it damages are provided. Consequential damages arise when property is not actually taken or entered but an injury to it occurs as the natural result of an act lawfully done by another. Such damage may fall within the principle "damnum absque injuria," under which there is no legal liability on the producer of the damage.

An abutting owner could not recover consequential damages for a change of grade before the Constitution of 1874: Struthers v. Dunkirk, etc., Ry. Co., 87 Pa. 282. The present Constitution makes this possible (Chester Co. v. Brower, 117 Pa. 647; Appeal of County of Delaware, 119 Pa. 159), but before the right may be exercised, the State must authorize it by some statute: Westmoreland C. & C. Co. v. Public Service Commission, 294 Pa. 451, 458, and authorities there cited. The owner is without remedy unless the legislature provides one. This liability is imposed on municipal and other corporations by the Constitution and by general legislation, but there is nothing that imposes it generally on the State. Article XVI, section 8, of the Constitution, provides: "Municipal and other corporations and individuals invested with the privilege of taking private property for public use shall make just compensation for property taken, injured or destroyed by the construction or enlargement of their works, highways or improvements, which compensation shall be paid or secured before such taking, injury or destruction......" The Commonwealth as such is not mentioned in this article, therefore no such liability is attempted to be imposed on the State by the Constitution. We so held in State Highway Route No. 72, 265 Pa. 369, and in Hoffer v. Reading Co., 287 Pa. 120, where we decided that the state was not liable for consequential or any damages without antecedent legislation. This was the rule whether the State caused the damage in its own right or it was done through the medium of another, such as, in the latter case, a public service company. The State may by statute assume payment of such damage, but claims for consequential damages are not within the class of damages comprehended by a taking of property under eminent domain: Lafean v. York County, 20 Pa. Superior Ct. 573; State Highway Route No. 72, supra; Hoffer v. Reading Co., supra.

The title of the act shows no attempt to impose liability for such damage on the State; as the judge of the court below said, such damages were entirely omitted from the title. We have repeatedly held that where an act imposes on counties new burdens, without an intention so to do being clearly indicated in the title of the act in question, the act as it relates to those particular burdens is unconstitutional: Roush v. Northumberland County, 63 Pa. Superior Ct. 314, and authorities there cited at page 316; County Commissioners' Petition, 255 Pa. 88.

No part of appellant's property as such was taken by the change of grade, which was entirely within the highway and 20 feet from the property line. Any damage to access, light, or air resulting from such change of grade was indirect, not direct, and entirely consequential. The City of Harrisburg or the county would have been liable for these damages had either of them undertaken the work because general legislation imposed such liability, but the Commonwealth erected the bridge, and there is no statutory liability on it for such damages.

This case must be distinguished from those which involve the liability of municipal or other corporations for consequential damages where property is injured though not directly taken. Such liability, as has been pointed out, is expressly provided for by legislation under section 8 of article xvi of the Constitution. But the State is not liable for such damages unless they are directly imposed by statute, and the court below did not err in concluding that the act here in question gave no notice in its title of this new burden which was here attempted to be imposed on the Commonwealth.

Judgment of the court below is affirmed.