## Philadelphia Electric Company v. Commonwealth et al.

*John P. Connelly,* for appellants; *Harold D. Saylor,* contra.

PARRY, J., February 20, 1933.—This case comes before us on appeal from the decision of the board of view refusing to allow the plaintiff's claim for the cost of relocating certain conduits and lamp standards in the streets in the vicinity of the Delaware River Bridge. The parties stated a case for the opinion of the court, in which it appears that the plaintiff was required by the bridge commission to relocate certain conduits or underground structures and certain lamp standards to conform to the change of grade of streets at the eastern end of the bridge, the cost of which was $40,576.71.

It is conceded by the plaintiff that the defendants are not liable in damages without antecedent legislation, but it is contended that the Act of July 9, 1919, P. L. 814, providing for the construction of the bridge, creating a joint commission for that purpose and defining the commission's powers and duties, with provisions for the cost of the construction, does in effect impose a liability on the bridge commission to reimburse the plaintiff for the amount which it has been required to expend.

Section one of the act provides for the contribution of the Commonwealth and the City of Philadelphia to the cost of construction, and section two provides that the term "cost of construction" shall include the cost of the acquisition of the ground for the site of the bridge and approaches thereto, including

any franchises, easements, rights or damages incident thereto or consequential upon the taking thereof; section five authorizes the commission to purchase "such lands, structures, rights of way, franchises, easements, or other interests in lands, including lands under water and riparian rights, of any person, railroad, or other public or private corporations or municipality, necessary for the building of said bridge and the approaches thereto. . . .

"If it shall become necessary to change the location or gradient of any waterway, canal, railroad, or street railway, or the appurtenances thereof, the person or corporation owning and operating the same shall be required to so relocate and change the same so far as needful, and, if possible, to agree with said joint commission upon the details thereof; the cost thereof to be paid by said joint commission as part of the expense of said work."

Acting under the legislative authority, the bridge commission changed the level of Fifth Street in the bed of which plaintiff's conduits were located. There was no taking of any portion of the plaintiff's property, it was not deprived of its easement and the only damage of which it complains is the cost of relocating its conduits and its light standards to make them conform with the new grade.

We do not find in the Act of 1919 any language imposing liability on the Commonwealth for consequential damages such as were suffered by the plaintiff. The plaintiff's case does not come within the provisions of section five, for its easement was not purchased or acquired and the relocation and change of its facilities did not involve the property of any waterway, canal, railroad, street railway or the appurtenances thereof. The plaintiff here has no remedy, for it cannot recover for property injured but not taken: Knoll *v.* Harborcreek Township, etc., 86 Pa. Superior Ct. 423; State Highway Route No. 72, 265 Pa. 369; Jamison *v.* Cumberland County, 234 Pa. 621; Soldiers and Sailors Memorial Bridge, 308 Pa. 487.

We, therefore, find for the defendants and direct the prothonotary to enter judgment on the finding.