## Commonwealth v. Sciortino et al.

*Horace A. Segelbaum,* Special Deputy Attorney General, for Commonwealth.

*Spencer R. Liverant,* for defendants.

SHERWOOD, P. J., December 2, 1940.—This is a proceeding in equity instituted by the Commonwealth of Pennsylvania against the above-named defendants under and pursuant to the provisions of section 608 of the Pennsylvania Liquor Control Act of June 16, 1937, P. L. 1762, 47 PS §744-1.

The matter is now before the court on bill and answer raising preliminary objections on behalf of Dominico and Margaret Sciortino, two of the defendants. No appearance nor answer has been filed by the other defendant. The objections to complainant's bill are as follows:

1. Complainant's bill fails to set forth any cause of action whatsoever against defendants Dominico Sciortino and Margaret Sciortino, which would enable or require them to answer on the merits.

2. Complainant's bill rests upon sections 608(*a*) and 608(*b*) of the Pennsylvania Liquor Control Act of November 29, 1933, P. L. 15, reënacted and amended. The title of the said act and the reënacting and amending acts do not give notice of the inclusion therein of the procedure or decree prayed for by plaintiff and the proceedings aforesaid are therefore unconstitutional.

The second objection is that the title of the Pennsylvania Liquor Control Act does not give notice of the inclusion therein of the procedure or decree prayed for by plaintiff and the provisions of sections 608(*a*) and 608(*b*) are therefore unconstitutional. The general principles covering the construction of article III, sec. 3, of the Pennsylvania Constitution have been so frequently reiterated by the courts that a brief reference to them will suffice. It is well settled that this provision does not require that the title of the statute must be an index to its contents; nor a synopsis thereof: Commonwealth ex rel. v. Liveright, etc., et al., 308 Pa. 35;; Commonwealth ex rel. v. Irvin, 110 Pa. Superior Ct. 387; Soldiers and Sailors Memorial Bridge, 308 Pa. 487. The title of an act need only name the real subject of legislation and designate that subject with sufficient clearness so that one of a "reasonably inquiring state of mind" would be put on inquiry as to the body of the act: Constitutional Defense League v. Waters, 309 Pa. 545. In determining whether the title of an act is sufficient, the Constitution presupposes such a state of mind as would cause the reader to follow the trail indicated by the main part of the title into the body of the act: Fedorowicz v. Brobst, 254 Pa. 338; Graeff v. Schlottman et al., 287 Pa. 342; Baker et al. v. Kirschnek et al., 317 Pa. 225. In Commonwealth v. Stofchek, 322 Pa. 513, the court said (p. 517) :

"The real purpose of section 3, of article III must be considered in answering the question raised by appellant. The provision was not intended to exercise a pedantic tyranny over the grammatical efforts of legislators,

nor to place them between the horns of a constructional dilemma, namely, that the title of an act must be so general or so particularized as to include all of its subject-matter, and yet not so general as to give no indication of its purpose, nor so particular as to inferentially exclude from its scope any items inadvertently omitted. As stated in *Soldiers and Sailors Memorial Bridge*, 308 Pa. 487 . . . the provision is not applicable 'unless a substantive matter, entirely disconnected with the named legislation, is included within the folds of the bill.' It is intended to operate to exclude from the measure that which is secret and unrelated . . ."

The act declares that it is enacted under the police power of the State for the protection of the public welfare, health, peace, and morals of the people of the Commonwealth, and as such its purport is within the scope of legislative authority.

As stated in Commonwealth v. Keary, 198 Pa. 500:

" 'It must not be lost sight of that the attitude of courts is not one of hostility to acts whose constitutionality is attacked. On the contrary all the presumptions are in their favor, as courts are not to be astute in finding or sustaining objections'."

And again, as stated in Commonwealth v. Moir, 199 Pa. 534 (p. 555) :

" 'To justify a court in pronouncing an act . . . unconstitutional and void, either in whole or in part, it must be able to vouch some exception or prohibition clearly expressed or necessarily implied. To doubt is to be resolved in favor of the constitutionality of the act'."

It seems to us, therefore, that the title of the act names the real subject of legislation and designates that subject with sufficient clearness so that a person of reasonably inquiring state of mind is put on inquiry as to the body of the act, especially as all matters contained therein are germane thereto. It follows that it does not violate article III, sec. 3, of the Constitution of Pennsylvania: see Commonwealth v. Snyderman, etc., 34 D. & C. 696;

and Commonwealth v. Dietz et al., 285 Pa. 511, where the Act of March 27, 1923, P. L. 34, was held constitutional. This act provided for the abatement of nuisances due to violations of the liquor laws and its provisions were practically the same as those in the present liquor act.

As to defendants' contention that the statute conferring jurisdiction upon equity to abate a public nuisance violates the constitutional guaranty of trial by jury, it is only necessary to refer to the cases of Commonwealth v. Dietz et al., supra, and Premier Cereal & Beverage Co. v. Pennsylvania Alcohol Permit Board et al., 292 Pa. 127, where, in the former case, it was said (p. 519) :

"When the legislature validly pronounces a particular state of affairs to be a nuisance prejudicial to the public health, it is as much so as if the prescribed situation had been considered a 'nuisance . . . at common law,' and 'may be prohibited by the same remedies' (Com. v. Charity Hospital, supra [198 Pa. 270, 279] ; but, of course, the Legislature may not, under the guise of extending the remedy by injunction to a new situation, interfere with the fundamental right of trial by jury in cases within the class covered by the constitutional provision for its preservation. The act under discussion, however, does not infringe this right, for, speaking generally, it exists only in cases belonging to a class not originally within the purview of equitable jurisdiction . . . and, moreover, there is nothing to prevent the legislature from granting relief without trial by jury when dealing with legal situations, not within the common law and defined by statute since the adoption of the Constitution . . . like the one here involved.

"Again, since the Act of 1923 contains a provision for its enforcement by injunction, the fact that a violation thereof also constitutes a misdemeanor is of no moment . . . the punishment by indictment and fine or imprisonment is to be invoked against the individual offender, while the remedy by injunction is afforded so as to give

immediate relief against a state of affairs the existence of which, in the opinion of the legislature, will menace the public health, safety and welfare."

See also 75 A. L. R. 1298. It follows that the act does not violate this constitutional provision.

The first objection that complainant's bill fails to set forth any cause of action whatsoever against defendants is based primarily upon the wording of the act excepting a "private home." The bill avers that the suit is brought for the purpose of enjoining and abating a certain common nuisance as defined in section 608(*a*) of the Pennsylvania Liquor Control Act and existing upon said premises therein described, known as and numbered 139 Frey's Avenue, in the City of York, Pa.; that these premises consist of a two and one-half story frame combination store and dwelling with cement block garage at rear of the lot, and are owned by the two above-named defendants; that defendants named are the proprietors of the business conducted on said premises or otherwise actively connected with the operation of the said nuisance, and that the said premises are used and maintained where liquor, as defined in section 2 of the Pennsylvania Liquor Control Act, is unlawfully possessed, offered for sale, bartered or furnished in violation of the provisions of said act, thereby constituting the same a common nuisance. At the argument, plaintiff offered to amend its bill by asserting that the place in question was not a private home. This amendment we will allow and consider as being incorporated in plaintiff's bill. Webster's New International Dictionary defines the word "private" as sequestered from company or observation; not open to the public—said of a place, thing or person; as a private room, etc. It also defines "home" as one's own dwelling place: the house in which one lives: especially the house in which one lives with his family; also a dwelling house. Accordingly, a private home is one's dwelling house not open to the public. The combination store and dwelling, together with garage,

98

in the instant case, it seems to us cannot be considered as a private home where they are used for the illegal sale to the public of alcoholic beverages. The purpose of the Pennsylvania Liquor Control Act is to restrain and not to promote the sale of liquor. If a dwelling in which violators of the liquor laws reside is to be considered a private home solely because it is a dwelling house then the result is absurd and unreasonable. It seems to us that it was not the legislative intent to protect speakeasies. Therefore, the question of whether or not the dwelling is a private home must be determined by the court from the testimony submitted as to its use. It follows that the preliminary objections to the bill should be dismissed.

And now, to wit, December 2, 1940, it is ordered, adjudged, and decreed that the preliminary objections filed to plaintiff's bill are dismissed.