## Commonwealth v. Luzerne County Commissioners

*J. Thirwall Griffith*, for Commonwealth.

*R. Lawrence Coughlin*, for county commissioners.

FLANNERY, J., December 31, 1943. — The County Commissioners of Luzerne County on February 28, 1940, became owners of property located at 30 Railroad Street, Pittston, Pa., under treasurer's sale for delinquent taxes.

Pursuant to the Act of April 27, 1927, P. L. 450, as amended by the Act of June 29, 1937, P. L. 2403, the Bureau of Fire Protection of the Commonwealth of Pennsylvania, on April 15, 1943, ordered the defendants to repair the building, place the same in first class, safe condition, tear down and remove all debris, etc. Hence this appeal.

The following facts are agreed upon:

"1. The appellants, petitioners, are Robert Lloyd, Herman C. Kersteen and Stanley B. Janowski, duly-elected commissioners of Luzerne County, and as such became the owners of an improved piece of real estate known as 30 Railroad Street, Pittston, Pa., by virtue of treasurer's tax sale held by John B. Wallis, Jr., on February 28, 1940, in accordance with the provisions of the Act of May 29, 1931, P. L. 280, its supplements

and amendments more fully set forth in paragraph 3 and paragraph 4 of the petition on appeal.

"2. The property purchased by the Luzerne County Commissioners as aforesaid was sold as the property of Concenso Lucento and is described as a lot 50 feet by 140 feet, improved with a two-story brick building. In 1929 and 1930, Luzerne County, Pittston City, and Pittston City School District returned their delinquent taxes to the office of the prothonotary under the Act of 1923. The poor district taxes, now known as the institution district taxes, were returned to the office of the commissioners and duly certified to the treasurer. By virtue thereof, the property was advertised for treasurer's sale and the county taxes included in the advertisement and in the amount demanded at sale. There being no bidders, the commissioners by operation of law became the owners. The property was not redeemed within two years from the date of the sale, to wit, February 28, 1940, nor has it since been redeemed. The taxes from 1929 to date are open and unpaid amounting in dollars to $560.76.

"3. On April 15, 1943, the Commonwealth of Pennsylvania, Pennsylvania Motor Police, Bureau of Fire Protection, served upon the Luzerne County Commissioners through their solicitor, R. Lawrence Coughlin, under the provisions of the Act of April 27, 1927, no. 291, as amended by the Act of June 29, 1937, no. 448, an order reading, inter alia, as follows:

" 'An inspection of the following described property owned by you, to-wit: One two story brick and frame building situate 30 Railroad street, Pittston, Luzerne county, Penna., was made by the Pennsylvania Motor Police on March 4, 1943. The report of said inspection (which is now on file in this office) shows building to be in a dilapidated condition, open to the public and an accumulation of inflammable debris inside, being especially liable to fire and endangering property and

so situated as to endanger other property, shall be removed or remedied.

" 'Therefore pursuant to the authority conferred by the above cited Act relating to fires and fire prevention, you are hereby ordered to remove or remedy the above described buildings, structures or premises, which, for want of repairs or by reason of other conditions set forth in the above report of inspection, are especially liable to fire and endanger property and the same shall be done on or before May 13, 1943, as follows: Repair building, placing same in first class safe condition or tear down and remove all debris from premises. Remove inflammable debris from inside building and premises and keep same clean.'

"4. In accordance with the notice aforesaid, the property aforesaid shows the building to be in a dilapidated condition, open to the public and with an accumulation of inflammable debris inside being especially liable to fire and endangering property and so situated as to endanger other property, all in accordance with photographs of the said building attached hereto and made a part hereof, and also in accordance with the official notice of the said Bureau of Fire Protection attached hereto and made a part hereof.

"5. Pursuant to the provisions of the Acts of 1927 and 1937, supra, appeal was taken by Luzerne County before the Bureau of Fire Protection, April 20, 1943; same day, appeal refused, the order referred to in paragraph 3, supra, upheld; hence the appeal to the Court of Common Pleas of Luzerne County in the above-captioned matter.

"6. The Luzerne County Commissioners in becoming owners under the Acts of Assembly governing the sale and purchase of properties at treasurer's sale, represent the various political subdivisions for which said tax sale was made and have no funds derived from said sale, the former owners of said property, or

the municipal subdivisions represented by them which may be used for compliance with the order of the Bureau of Fire Protection aforesaid. The Luzerne County Commissioners, in addition, have no item of appropriation in the 1943 budget from which to make expenditures necessary for compliance with the order aforesaid.

"7. The property at issue in the instant appeal, to wit, 30 Railroad Street, Pittston, Luzerne County, Pa., is one of several thousands of properties owned by the Luzerne County Commissioners in the same capacity, all or most of which are in a dilapidated condition, have accumulations of debris, inflammable in character and endangering property as well as adjoining property.

"8. Thirty Railroad Street is in the City of Pittston, which has a duly constituted fire department and board of health operating under the third class city law."

The Luzerne County Commissioners contend:

1. That the act in its attempted application is unconstitutional.

2. That there is no duty on the county commissioners of maintenance and repair of such property under the circumstances.

3. That the county commissioners may not be prosecuted in their official capacity where the property in question is held by such commissioners under treasurer's tax sale as here.

We shall consider these reasons in the order stated. It appears that title to the property was taken by operation of law under the provisions of the Act of June 20, 1939, P. L. 498, sec. 6, which provides inter alia:

"Any such property, for which an amount sufficient to pay such taxes, interest, and the costs is not bid, shall be purchased by the county commissioners . . ."

It further appears that the Luzerne County Commissioners in becoming owners "represent the various political subdivisions for which said tax sale was

made". (Paragraph 6 agreed facts) and, under the circumstances, we must conclude that the county is a trustee for the benefit of all taxing authorities, which had valid enforcible claims for unpaid taxes against said land, in proportion to their respective interests: Erie County's Appeal, 149 Pa. Superior Ct. 212.

As was said by Judge Smith in County of McKean v. Young, 11 Pa. Superior Ct. 481, 489:

"A county is a quasi corporation, and its corporate powers are to be exercised by the commissioners: Kittanning Academy v. Brown, 41 Pa. 269; Act of April 15, 1834, P. L. 537, secs. 3, 4. Except on a few points, the powers of the commissioners are not expressly or directly defined by statute. But, as public agents of the county, exercising its corporate powers, their authority must necessarily be commensurate with the scope of their duties in the premises . . ."

Our primary concern, therefore, is "their duties in the premises" and these shall be determined as the constitutionality of the act of assembly, as applied to the facts before us, is determined.

The title to the original act, that is of 1927, provides:

"Relating to fires and fire prevention; imposing duties and conferring powers upon the State Police; authorizing the appointment of the chiefs of fire departments and certain public officers and others as assistants to said State Police, and defining their powers and duties; providing for the investigation of the cause, origin, and circumstance of fires and the inspection of all, and the removal or change of, certain buildings; imposing duties on school authorities and on certain corporations, associations, and fire rating agencies; providing for the attendance of witnesses before the said State Police, and the enforcement of its orders; and prescribing penalties."

The title to the amended Act of 1937, P. L. 2403, is practically identical:

"To amend the title and certain sections of the act, approved the twenty-seventh day of April, one thou-

sand nine hundred twenty-seven. (Pamphlet Laws, four hundred fifty), entitled 'An act relating to fires and fire prevention; imposing duties and conferring powers upon the State police; authorizing the appointment of the chiefs of fire departments and certain public officers and others as assistants to said State police, and defining their powers and duties; providing for the investigation of the cause, origin, and circumstance of fires and the inspection of all, and the removal or change of, certain buildings; imposing duties on school authorities and on certain corporations, associations, and fire rating agencies; providing for the attendance of witnesses before the said State police, and the enforcement of its orders; and prescribing penalties,' by imposing upon the Pennsylvania Motor Police the duty of administering and enforcing the act."

Does the act in question impose the duties therein upon the county authorities with relation to property acquired by it at a tax sale and held as trustee and does the title, as amended, notify the counties of such duties as are here sought to be imposed?

It is a fundamental rule of construction that the burden of proving the unconstitutionality of a law rests heavily upon him who asserts it and only a clear violation would justify the judiciary in declaring a statute void and arresting its execution: Commonwealth v. Herr, 229 Pa. 132. And we proceed discreetly.

The general proposition involved here is set forth by Mr. Justice Stern in Gumpert's Estate, 343 Pa. 495, at page 407:

"It is unnecessary to elaborate upon the oft-repeated principle that all the Constitution requires is that the title should put persons of a reasonably inquiring state of mind on notice of the general subject matter of the act. The incidental provisions of the statute need not be enumerated or indexed in the title if they are germane to the legislation as a whole. 'Unless a *substantive* matter, entirely disconnected with the named legis-

lation, is included within the folds of the bill, the act should not be declared as a violation of the Constitution by reason of its title offending Section 3 of Article III' [citing cases]."

In applying this general rule to particular facts the Supreme Court has repeatedly held:

". . . that where an act places upon counties new burdens, without an intention so to do being clearly indicated in the title of the act in question, the act as it relates to those particular burdens is unconstitutional": Roush v. Northumberland County, 63 Pa. Superior Ct. 314, and authorities there cited at page 316; County Commissioners' Petition, 255 Pa. 88; Soldiers' and Sailors' Memorial Bridge, 308 Pa. 487 (at page 492).

And see also the more recent pronouncement of Chief Justice Maxey in Commonwealth ex rel. v. Berryman et al., 345 Pa. 222.

A careful perusal of the act sought to be invoked here convinces us that political subdivisions, such as counties, were not contemplated by the legislature as coming within its mandate. Certainly it would be a new burden and we cannot discern such intention as "clearly indicated in the title". Nor can we discover such intention clearly indicated in the body of the act. Hence our conclusion that the act does not apply. Or to follow the same reasoning by another path, the attempted enforcement would render the act, sound in itself, unconstitutional in its proposed application by reason of the deficiency in the title.

In either event the State of Pennsylvania, operating through its police or its deputies, is without authority to make the order in dispute here, or having made it, to enforce its execution.

By reason of this conclusion it is unnecessary to pass upon the other questions raised.

Appeal sustained.