Kerry, Appellant, *v.* Commonwealth.

Argued March 23, 1955. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*Lee C. McCandless,* for appellant.

*Charles E. Dillon,* with him *John R. Rezzola, Jr., Thomas C. Evans,* Counsel for Department of Highways, *Phil H. Lewis,* Deputy Attorney General and *Herbert B. Cohen,* Attorney General, for appellee.

*John L. Wilson,* for intervenor, appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, April 18, 1955:

There are two appeals in this case: one from an order of the Court of Common Pleas of Butler County dismissing an appeal to that court and requesting a jury trial from an award of the State Mining Commission assessing damages for support coal required to be left in place in the reconstruction of a State highway, and the other from the award of the State Mining Commission assessing damages for coal required to be left in place for support of said reconstructed highway.

The appellant, Roy W. Kerry, was the owner in fee of eight acres of land underlaid with two veins of coal situate in Muddycreek Township, Butler County, Pennsylvania, fronting along the east side of Old Legislative Route 246, Traffic Route 19 (known as the Perry High-

way). The appellant, Roy W. Kerry, had also leased all the coal under four hundred acres of land owned by the Shidemantles lying immediately north of and adjoining the eight acres owned by Kerry in fee. The Shidemantle property fronted on both sides of the old highway and was also underlaid with two veins of coal. Under the terms of the coal lease Kerry had the right to remove all of the coal upon compliance with certain conditions including the payment to the Shidemantles of a twenty cent per ton royalty for the coal removed. The right of way of the old highway was forty feet in width. This highway was widened to a width of one hundred and twenty feet.

Appellant presented a petition under the Act of June 26, 1931, P. L. 1388, 36 PS 171, its supplements and amendments, praying that viewers be appointed to assess damages for the land and coal taken by reason of the reconstruction and widening of State Highway No. 246. On the same date the court granted the prayer of said petition and appointed viewers to determine said damages.

The Commonwealth of Pennsylvania filed preliminary objections to appellant's petition for viewers on the ground that neither the court nor the board of viewers had jurisdiction to assess damages for coal required to be left in place for support of a State highway, in as much as exclusive jurisdiction of that determination was vested in the State Mining Commission by the Act of June 1, 1933, P. L. 1409, as amended, 52 PS 1501.

The preliminary objections were sustained and appellant was directed to invoke the aid of the State Mining Commission to determine how much of the subjacent strata of coal was necessary to support the surface of the highway in question and all further proceedings were stayed pending that determination.

The above order was later amended by directing that further proceedings were not stayed, but the viewers could proceed to determine the amount of the surface taken and the damages sustained by the taking.

Appellant, Roy W. Kerry, filed a motion for appointment of viewers and to convene the State Mining Commission in the court of quarter sessions. The court, by an order under the same date, directed the board of viewers heretofore. appointed to proceed .to assess the damages for the acreage owned in fee and the State Mining Commission to be. convened for the purpose of assessing the damages to the coal as set forth in the petition.

The Commonwealth of Pennsylvania filed a petition in the court of common pleas under the Act of July 3, 1941, P. L. 259, 52 PS 1501, to convene the State Mining Commission for the purpose of assessing damages for the coal required to be left in place for the support of said highway. *The appellant, Roy W. Kerry, joined in the prayer of said petition.*

The Commonwealth filed an amended petition joining the Shidemantles, owners-lessors of some of the coal involved in these proceedings, for the purpose of concluding all matters concerned before the State Mining Commission in one proceeding. *The appellant, Roy W. Kerry, and the Shidemantles, joined in the prayer of this petition.*

Prior to the meeting of the State Mining Commission, all of the parties entered into a stipulation agreeing to the amount of coal required to be left in place for the support of the highway. The stipulation provided that 2744.28 tons of coal in the Upper Freeport Vein and 4443 tons of coal in the Kittanning Vein or a total of 7187.28 tons of coal were required to be left in place for the support of the highway by the appellant, Roy W. Kerry, under the land owned by him in

fee; and 36,996 tons of coal in the Upper Freeport Vein were required to be left in place under the land owned by the Shidemantles and leased to the appellant, Roy W. Kerry.

The stipulation was offered to the Commission and testimony was taken as to the value of the coal required to be left in place for the support of the highway. Testimony on the part of the appellant fixed the value of the coal from $1.00 to $1.45 per ton; and on the part of the Commonwealth the value of the coal was fixed at twenty-five cents per ton.

The State Mining Commission filed its report awarding the appellant $15,465 as damages for the fair value of the coal taken on the date of the condemnation together with allowance for delay in payment, of which sum $7,400 was to be set aside and apart to the Shidemantles as compensation for loss of royalty on the coal taken by the Commonwealth and underlying their premises.

Appellant, Roy W. Kerry, filed an appeal in the court of common pleas from the award of the State Mining Commission and *demanded a jury trial* on the ground that said award was unjust and inadequate. The court allowed the appeal and framed an issue naming the appellant, Roy W. Kerry, plaintiff and the Commonwealth of Pennsylvania, defendant, to determine the value of the coal required to be left in place for the support of said highway.

The Commonwealth filed a motion to dismiss the appeal to the court of common pleas from the award of the State Mining Commission on the ground that the court of common pleas *lacked jurisdiction* to entertain such an appeal, for in this case, under the Act of June 1, 1933, P. L. 1409, sec. 1, 52 PS 1501, as amended, since the Commonwealth is the condemning body an appeal from the decision of the State Mining Commis-

sion lies only to the Supreme Court. The position of the Commonwealth was sustained and the appeal dismissed. The appellant then filed these appeals.

Appellant through the board of viewers is entitled to damages for the taking by the Commonwealth of his *surface land and all coal not required for support of the portion of the highway taken in these eminent domain proceedings.* He is *also* entitled to be compensated for the value of all *coal necessary to be left in place* for the purpose of furnishing vertical and lateral support of the portion of the highway so taken. The amount of such latter damages, however, must be determined by the State Mining Commission which is given *exclusive jurisdiction* over this subject matter. The legislation fixing this method of compensation is the Act of June 1, 1933, P. L. 1409, as last amended by the Act of July 3, 1941, P. L. 259, 52 PS 1501. The constitutionality and validity of this enactment were upheld by this Court in opinions by Mr. Chief Justice (then Mr. Justice) HORACE STERN, in the *Glen Alden Coal Company Case,* 350 Pa. 177, 38 A. 2d 37, and the *Pennsylvania Turnpike Commission Appeal,* 351 Pa. 139, 40 A. 2d 404.

The principal issue raised by appellant is whether or not an individual is entitled to appeal to the court of common pleas from an award of the State Mining Commission *when the condemning body is the Commonwealth.* The pertinent statute relative to such appeals is the Act of June 1, 1933, and supplements, above referred to. The provision reads: "All parties in interest shall have the same right of appeal from decisions, orders and decrees of the State Mining Commission to the Superior and Supreme Courts, as now or hereafter provided for appeals from the decisions, orders and decrees of courts of common pleas: Provided, That in case of an appeal from an award by the commission

of compensation for damages resulting from an appropriation of property under the provisions of this act the appeal shall, in case any party is entitled to demand a jury trial under section eight of Article sixteen of the Constitution of this Commonwealth, be to the courts of the proper county thereof." It is to be noted that appeals to the court of common pleas are *only* where a party is entitled to a jury trial *under Section 8, Article 16, of the Constitution of the Commonwealth,* which reads: *"Municipal and other corporations and individuals invested with the privilege of taking private property for public use* shall make just compensation for property taken, injured or destroyed by the construction or enlargement of their works, highways or improvements, which compensation shall be paid or secured before such taking, injury or destruction. The General Assembly is hereby prohibited from depriving any person of an appeal from any preliminary assessment of damages against any such corporations or individuals made by viewers or otherwise; and the amount of such damages in all cases of appeal shall on the demand of either party be determined by a jury according to the course of the common law." (Emphasis supplied) The constitutional provision clearly states that it only applies *to municipal and other corporations and individuals.* It does not apply to the *Commonwealth* where it is the condemning party: *State Highway No. 72,* 265 Pa. 369, 108 A. 820; *Soldiers and Sailors Memorial Bridge,* 308 Pa. 487, 162 A. 309.

This distinction between the status of the Commonwealth as a condemning party, and municipal and other corporations and individuals as such, is plainly indicated in the *Glen Alden Coal Company Case,* supra, where the Chief Justice said (p. 182): "It must be borne in mind that proceedings before the Commis-

sion are not a final step; apart from the inherent power of judicial review by certiorari, the Act of 1941 reserves the right of appeal, and also of a jury trial to any party entitled to demand such a trial under Section 8 of Article XVI of the Constitution. . . ." Since the Commonwealth is the condemning party, appellant is not entitled to demand a jury trial. Such an appeal is only to the Superior or Supreme Court.

All other questions raised by appellant are clearly without merit and hence do not require discussion.

The order is affirmed and the appeals dismissed at the cost of appellant.